Glen M. Diehl
Charles Quinn
GRAHAM CURTIN, P.A.
4 Headquarters Plaza
Morristown, NJ 07962
973-292-1700

Attorneys for Plaintiff MCS Industries, Inc.

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MCS INDUSTRIES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> HDS TRADING CORP., <br><br> Defendant. | Civil Action No.: <br><br> **COMPLAINT** <br><br> **and** <br><br> **JURY DEMAND** |

Plaintiff MCS Industries, Inc., by its undersigned attorneys, as and for its complaint against defendant HDS Trading Corp., says:

## PARTIES

1. Plaintiff MCS Industries, Inc. ("MCS"), is a Delaware corporation that maintains its principal place of business at 2280 Newlins Mill Road, Easton, Pennsylvania 18045.

2. Defendant HDS Trading Corp. ("HDS") is, on information

and belief, a New York corporation that maintains a principal place of business at 1305 Jersey Avenue, North Brunswick, New Jersey 08902.

## JURISDICTION

3.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 as it arises under the patent laws of the United States, 35 U.S.C. §1, *et seq.*

## BACKGROUND

4.  On September 17, 2013, July 23, 2002, the United States Patent and Trademark Office ("PTO") duly and legally issued U.S. Patent No. 8,534,627, entitled "Over-the-Door Hanging Apparatus" (the "'627 patent"). A copy of the '627 patent is attached as Exhibit A.

5.  On June 10, 2014, the PTO duly and legally issued U.S. Patent No. 8,746,644, also entitled "Over-the-Door Hanging Apparatus" (the "'644 patent"). A copy of the '644 patent is attached as Exhibit B.

6.  Plaintiff MCS is the assignee and owner of all right, title and interest in and to the '627 and '644 patents.

7.  Defendant HDS makes and/or sells a hanging mirror, bearing the name "Over-the-Door Full Size Mirror," that incorporates the claimed subject matter of the '627 and '644 patents.

## COUNT I

8. Plaintiff MCS repeats and re-alleges the allegations of paragraphs 1 through 7 as if fully set forth here.

9. Defendant HDS has infringed and is continuing to infringe at least claim 24 of the '627 patent by manufacturing, using, importing, selling and/or offering to sell its Over-the-Door Full Size Mirror in violation of 35 U.S.C. § 271. A claim chart demonstrating HDS's infringement of claim 24 of the '627 patent is attached as Exhibit C.

## COUNT II

10. Plaintiff MCS repeats and re-alleges the allegations of paragraphs 1through 9 as if fully set forth here.

11. Defendant HDS has infringed and is continuing to infringe at least claim 11 of the '644 patent by manufacturing, using, importing, selling and/or offering to sell its Over-the-Door Full Size Mirror in violation of 35 U.S.C. § 271. A claim chart demonstrating HDS's infringement of claim 11 of the '644 patent is attached as Exhibit D.

Wherefore, plaintiff MCS Industries, Inc., demands judgment in its favor and against defendant HDS Trading Corporation as follows:

      a.    for judgment that HDS has infringed the '627 and '644 patents;

      b.    for a permanent injunction barring HDS and all persons in active concert or participation with it, from infringing the '627 and '644 patents;

      c.    for an award of damages in an amount sufficient to compensate MCS for HDS's infringement, together with prejudgment interest and costs of suit;

      d.    for judgment that HDS willfully infringed the '627 and '644 patents and an award to MCS of treble damages under 35 U.S.C. § 284;

      e.    for judgment that this is an exceptional case under 35 U.S.C. § 285, and an award of reasonable attorneys' fees and expenses to MCS;

      f.    for such other and further relief as the Court may deem just and appropriate.

## JURY DEMAND

Plaintiff MCS requests trial by jury on all issues triable at law.

      Respectfully submitted,

      GRAHAM CURTIN, P.A.
      Attorneys for Plaintiff

      By: s/Glen M. Diehl/_____
          Glen M. Diehl

Dated: August 7, 2014

2139518.1

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I hereby certify that United States Patent No. 8,534,627 and United States Patent No. 8,746,644 are not the subject of any other action pending in any other court.

                              Respectfully submitted,

                              GRAHAM CURTIN, P.A.
                              Attorneys for Plaintiff

                        By: s/Glen M. Diehl/
                              Glen M. Diehl

Dated: August 7, 2014